GEORGE T. BLAKE & *al.* *versus* JACOB C. BAKER.

By R. S., c. 114, § 38, provision 6, a debtor's corn and grain, necessary and sufficient for the sustenance of himself and his family, not exceeding thirty bushels, are exempted from attachment and execution.

This exemption does not extend to those species of grain which may, by sales or exchanges, *indirectly* contribute to the same end, when they are, by their nature and the general custom of the community, not suitable to be used in the making of bread, and are not so designed by the owner.

*Hence,* to entitle a debtor to the exemption, the corn and grain in themselves must be *necessary* for the object expressed in the statute.

If the debtor is unmarried, or has no family depending on him for support, but is a boarder, or in such a situation that he can have no design to use corn or grain as food for himself or his family, these articles are not *necessary* for the sustenance of himself and his family, and are not exempt.

ON FACTS AGREED, from *Nisi Prius*, DAVIS, J., presiding.

THIS was an action of TRESPASS, brought by the plaintiffs, for taking and carrying away oats and wheat, the property of the plaintiffs, and alleged to be exempt from attachment and execution.

The writ is dated March 25, 1854.

It was admitted by the parties that the defendant, when the wheat and oats were 'attached, was a deputy sheriff of the county of York, and that he, by virtue of a writ duly signed by the clerk of the Supreme Judicial Court, took and carried away forty-two bushels of oats, and three bushels of wheat, the property of the plaintiffs; and that the oats and wheat were sold on execution issued on a judgment obtained on said writ, before the Supreme Judicial Court, and the proceeds thereof were applied in part payment of the execution.

After the evidence was in, it was agreed by the parties to

Blake *v.* Baker.

refer the case to the full Court, and that if the articles taken were exempt from attachment, and plaintiffs were entitled to the wheat alone or the oats alone, damages should be assessed accordingly. If not entitled to recover, plaintiffs were to become nonsuit.

*E. Gerry,* for plaintiffs.

1. Trespass is the proper remedy in this case. *Foss* v. *Stewart,* 14 Maine, 312.

2. The wheat and oats attached by defendant were all the grain or corn the plaintiff had, as appears by the case. 1 Greenl. on Ev. 78.

3. The wheat and oats were *necessary* for the sustenance of the plaintiffs and their families.

4. The wheat and oats attached, in this case, were exempt. Grain, in its philological and popular meaning, includes oats. Corn means any kind of grain fit for man or beast. Webster's Dict; R. S., c. 114, § 38; *Ordway* v. *Wilbur,* 16 Maine, 263; *Gibson* v. *Jenney,* 15 Mass. 204; *Wentworth* v. *Young,* 17 Mass. 70.

*Waterman,* for defendant.

1. In order to recover, the plaintiffs rely upon and must bring themselves strictly within the provisions of R. S., c. 114, § 38.

The case should show that the property attached was "*necessary for the sustenance of the debtor,*" &c., and that the plaintiffs had only the amount of grain exempted, at the time of the attachment, the fact being one peculiarly within their own knowledge. *Daily* v. *May,* 5 Mass. 313.

2. The wheat and oats attached were *not* exempted, because *not "necessary for the sustenance of the debtor,*" &c. This statute, being in derogation of the common rights of creditors to secure their debts out of the property of their debtors, should be construed strictly. 4 Bac. Abr., tit. statute, 1, 6.

What is "necessary" is to be determined by the peculiar circumstances of each case. *Howard* v. *Williams,* 2 Pick. 80, 83.

3. The wheat and oats were not such grain as was intended by the statute to be exempt.

4. But if, by any liberality of construction, the wheat can be considered exempt, the oats, not being an article of food, and not "necessary" as "sustenance," in this State, are not exempted.

Tenney, C. J.—A debtor's corn and grain, necessary and sufficient for the sustenance of himself and his family, not exceeding thirty bushels, are exempt from attachment and execution.  R. S., c. 114, § 38, prov. 6.

Such a construction must be given to the statute referred to, as is consistent with, and in furtherance of the object of its authors.  The obvious purpose of this exemption was to prevent the taking from the debtor of those articles which he had provided, and which were suitable as food for himself and family; and not to extend the exemption to those species of grain which may by sales or exchanges indirectly contribute to the same end, when, by their nature and the general custom of the community in which the debtor lives, they are unsuitable to be used in the making of bread, and are not so designed by the owner.  Hence, to entitle the debtor to the exemption, the corn and the grain in themselves must be necessary for the object expressed.

If the debtor is unmarried, or has no family depending upon him for support, but is a boarder, or in such a situation that he can have no design to use corn or grain as food for himself or his family, these articles do not become necessary for the sustenance of himself and his family, and are not exempt.

The wheat and the oats mentioned in the writ were the joint property of the plaintiffs.  They had obtained this grain as payment for their labor in threshing with a machine. It does not appear that the oats were designed to be used as human food, or for purposes differing from the general use of that kind of grain in this State.  This portion of the

property attached by the defendant cannot, therefore, be treated as falling within the exemption of the statute.

It is satisfactorily shown that, at the time of the attachment, the plaintiffs were the owners of no other grain than that which is now in controversy. George T. Blake, one of the plaintiffs, had a family, and he was entitled to hold, exempt from attachment, one undivided half of the wheat. The other plaintiff is not proved to have had a family, or to be in a situation which made it necessary that he should have any corn or grain for the sustenance of himself or others, and, therefore, is not brought within the statute provision. The defendant not having invaded the rights of this plaintiff, a joint action, in favor of the two owners of the wheat, cannot be maintained.                                 *Plaintiffs nonsuit.*

RICE, HATHAWAY and CUTTING, J. J., concurred. GOODENOW, J., dissented, and MAY, J., did not sit.